UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 17-32174 |
| JESSE GARCIA, and | ) | |
| SYLVIA GARCIA, | ) | Chapter: 7 |
| | ) | |
| | ) | Hon. Donald R. Cassling |
| Debtor(s) | ) | |
| | ) | |

## SONNENSCHEIN FINANCIAL SERVICES' MOTION TO VACATE THIS COURT'S ORDER GRANTING DEBTOR'S MOTION FOR SANCTIONS AND FINDING SONNENSCHEIN VIOLATED THE AUTOMATIC STAY ENTERED IN THIS CAUSE

Now comes petitioner, SONNENSCHEIN FINANCIAL SERVICES ("Sonnenschein"), by and through its attorneys, Ronald F. Neville and Neville & Mahoney, and moves this Honorable Court to vacate the order entered on February 13, 2018, granting Debtors' Motion for Sanctions as well as the Court's finding that Sonnenschein violated the automatic stay entered in this cause. In support of its position, the petitioner states as follows:

1. On February 13, 2018, this Court entered an Order finding that Sonnenschein violated 11 U.S.C. §362(a)(6). See Order attached as Ex. A.

2. 11 U.S.C. §362(a)(6) provides in relevant part that "a petition filed under section 301, 302, or 303 of this title...operates as a stay, applicable to all entities, of...(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

3. The basis for the debtors' Motion for Sanctions, and this Court's finding, is a letter sent by Sonnenschein, on behalf of its client, the City of Berwyn, to debtor, Jesse Garcia, on November 14, 2017, which sought payment of a citation for a parking violation in the amount

1

of $200. See Letter attached as Ex. B.

4. The contents of the letter attached hereto as Ex. B clearly establish that the amount requested was for payment of a fine or penalty levied by a governmental unit, i.e., the City of Berwyn, Illinois.

5. Petitioner's research revealed only one decision on point in this jurisdiction, In Re Woodside, 161 B.R. 969 (S.D. Ill. 1994). In Woodside, the County instituted a post-judgment proceeding due to the debtor's nonpayment of a judgment entered for a traffic fine. Id. at 969. The Court held that the County violated the automatic stay provided by 11 U.S.C. §362(a). Id. at 971. Relying upon §362(b)(5) of a prior version of 11 U.S.C. §362, the Court reasoned that the traffic fine constituted a money judgment and therefore the County's enforcement did not come within the exception to the stay provided by §362(b)(5) for governmental creditors. Id. at 970.

6. Petitioner's research has located no decision issued by the Seventh Circuit since the Woodside decision was decided in 1994 which addresses the issue of whether the enforcement of parking fines is encompassed within any exceptions to the automatic stay provided to governmental units pursuant to §362(b).

7. The Woodside decision has been criticized by at least two subsequent cases: In Re Valle, 456 B.R. 228 (Bankr. D. Md. 2011) and U.S. v. Palm Beach Cruises, SA, 204 B.R. 634 (S.D. Fla. 1996). Both decisions rejected and declined to follow the Woodside holding. As noted in Valle, the holding of Woodside appears to be the minority view. In Re Valle, 456 B.R. at 232.

8. In Valle, the County sent notices to the Debtor seeking payment of parking fines subsequent to the filing of debtor's Ch. 7 petition. Id. at 229-30. The Court determined that the County did not violate the stay and denied the debtor's request for sanctions. Id. at 235-36. The

Court considered the exception provided in §362(b)(4) for the enforcement of a governmental unit's police or regulatory powers. The Court reasoned that parking violations are criminal in nature and "not designed to be compensation for actual pecuniary loss." Id. at 231. The Court further relied upon In Re Thomas, 355 B.R. 166 (N.D. Cal. 2006) which "held that parking and traffic laws are 'laws affecting health, welfare, morals, and safety.'" Id. As such, the County's collection efforts were undertaken in the exercise of public policy and were within the exception for enforcement of a governmental unit's police or regulatory powers. Id.

9. The Valle Court also found the County did not violate the automatic stay based upon the exception provided in §362(b)(1) for the commencement or continuation of a criminal action or proceeding. After rejecting the holding of Woodside, the Court decided to follow "what it believes a better reasoned line of cases that holds that the enforcement of a criminal fine is excepted from the automatic stay and that the efforts to collect the fine are a continuation of the criminal process." Id. at 232. In its analysis, the Court considered U.S. v. Troxler Hosiery Co., Inc., 41 B.R. 457 (M.D.N.C. 1984) which notes that criminal proceedings may proceed despite bankruptcy filings as "bankruptcy laws are not a haven for criminal offenders." Id. The Valle decision provides a litany of jurisdictions which find "that §362(b)(1) does not prevent the enforcement of a criminal fine." Id. at 234(citing In re Hardenberg v. Commonwealth of Va., Dep't of Motor Vehicles, 1993 WL 1318606 (S.D. Ohio)). See also In Re Sims, 101 B.R. 52 (Bankr. W.D. Wis. 1989)(incarceration for nonpayment of fine falls within §362(b)(1)); In Re Gillam, 67 B.R. 83 (Bankr. M.D. Tenn. 1986)(§362(a) does not prevent the enforcement of a criminal fine); 134 Baker Street, Inc. v. State of Georgia, 47 B.R. 379 (N.D. Ga. 1984)(fines are enforceable notwithstanding automatic stay); In Re Cornell, 44 B.R. 528 (Bankr. D. Conn.

1984)(restitution order did not violate automatic stay); In Re Mead, 41 B.R. 838 (Bankr. D. Conn. 1984)(restitution order did not violate automatic stay as it enforced criminal statutes and rehabilitated offender); In Re Pellegrino, 42 B.R. 129 (Bankr. D. Conn. 1984)(wage execution was part of criminal sentence and did not violate automatic stay).

10.　　In U.S. v. Palm Beach Cruises, SA, 204 B.R. 634 (S.D. Fla. 1996), the Court relied upon the exception for the continuation of criminal proceedings provided by §362(b)(1) to deny the debtor's motion to invoke the automatic stay to delay payment of a criminal fine. Id. at 636. The Court rejected the Woodside holding because the decision treated a governmental unit seeking payment of a criminal fine to be the equivalent of an ordinary creditor seeking to collect on a money judgment. Id. at 636. The Court reasoned that the purpose of a criminal fine is not to compensate the governmental unit as if it was an ordinary debtor, but rather to benefit the public at large by penalizing the wrongdoer and deterring future misconduct. Id. Moreover, the Court reasoned that subjecting a criminal fine to the automatic stay would eviscerate the exception provided by §362(b)(1) as "the Government's right to commence or continue criminal proceedings against a bankrupt debtor is of no moment unless the Government also is entitled to enforce the penalties imposed at the culmination of the proceedings." Id.

11.　　As demonstrated by Valle, Palm Beach Cruises, and the case law cited within said decisions, the holding of Woodside that a traffic fine is a money judgment and therefore subject to the automatic stay is a minority view which has been rejected by numerous jurisdictions.

12.　　Petitioner urges this Court to follow the sound reasoning of Valle, Palm Beach Cruises, and the majority of jurisdictions in finding that criminal fines, such as parking fines, are not subject to the automatic stay pursuant to §362(a). Like in Valle, the City of Berwyn's fines

for parking violations are not designed to compensate the City for any pecuniary loss. Rather, the City's parking restrictions are enacted to affect the health, welfare and safety of the public at large. Moreover, the City's fines for violations of its parking restrictions serve the dual purpose of penalizing the wrongdoer and deterring future misconduct. Therefore, as recognized by Palm Beach Cruises, the parking fine should not be treated as the equivalent of an ordinary debt. Applying the reasoning of these cases, the City of Berwyn's parking fine clearly meets both public policy tests by effectuating the promotion of the welfare and safety of the public, and the pecuniary purpose test, i.e., to punish and deter violations rather than protect the City's pecuniary interest. Clearly, the City of Berwyn fine imposed on the Debtor in this instance falls under the exception to the automatic stay provided by §362(b)(4).

13. Further, as reasoned by Valle and Palm Beach Cruises, the holding of Woodside works to eviscerate the exception for commencement and continuation of criminal proceedings provided by §362(b)(1). As stated by Valle, and the numerous cases cited by the Valle Court, the "efforts to collect the fine are a continuation of the criminal process." The City of Berwyn's ability to commence or continue a criminal proceeding against a debtor for a traffic or parking violation would be rendered wholly meaningless without the ability to enforce any fine or penalty imposed. As such, the traffic fine imposed on the debtor in this case clearly falls within the exception to the automatic stay provided by §362(b)(1).

WHEREFORE, the petitioner, SONNENSCHEIN FINANCIAL SERVICES, respectfully urges this Court to consider the sound reasoning of the majority view on the issue at bar and to vacate the Order Granting Debtors' Motion for Sanctions entered on February 13, 2018.

        Respectfully submitted,

        NEVILLE & MAHONEY


        /s/ Ronald F. Neville
        Attorney for Sonnenschein Financial Services

Ronald F. Neville
Jennifer Mann
Neville & Mahoney
221 North LaSalle Street
Suite 2150
Chicago, IL 60601
(312) 236-2100
silver-ii@att.net